# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

KENNETH R. CLEVELAND, SR.,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-381-FHM

## OPINION AND ORDER

Plaintiff, Kenneth R. Cleveland, Sr., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's November 20, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John Volz was held August 1, 2009. By decision dated November 9, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 26, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 50 years old on the date of alleged onset and almost 53 on the date of the denial decision. He has a General Equivalency Diploma and formerly worked as housekeeper and as an oil field worker. He claims to have been unable to work since November 13, 2007 as a result of pain related to degenerative disk disease of the lumbosacral spine and mental issues, including mood swings.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 416.967(c). He can lift/carry 50 pounds occasionally and 25 pounds frequently. In an 8-hour workday, he can sit for 6 hours and pushing/pulling is unlimited, but he is restricted to a simple routine. [R. 14]. Based on the testimony of a vocational expert, the ALJ found that Plaintiff is capable of returning to his past relevant work as a housekeeper. In addition, the vocational expert identified other jobs in the regional and national economy that could be performed with Plaintiff's residual functional capacity. The case was thus decided at step four of the five-

2

step evaluative sequence for determining whether Plaintiff is disabled, with an alternative step five finding. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts the ALJ: failed at steps 4 and 5 of the evaluative sequence; failed to properly consider the medical source opinions; and failed to perform a proper credibility determination.

## Analysis

Plaintiff's brief raises a number of issues under general subject heading: "[t]he ALJ failed at steps 4 and 5 of the sequential evaluation process." [Dkt. 12, pp. 1–6]. The court will address in some detail the glaring error identified by Plaintiff which requires remand and will mention the other aspects of the decision that should be addressed on remand.

The ALJ failed to conduct the psychiatric review technique (PRT), which is the analysis required when the record contains evidence of a mental impairment that allegedly prevents a claimant from working. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same). The Commissioner essentially argues that the ALJ's finding that Plaintiff was limited to a simple routine is supported by the record. According to the Commissioner: the ALJ discussed the evidence that lead him to conclude that Plaintiff was limited to a simple routine; there are no physician's opinions about greater mental limitations; some of the physicians indicated they suspected Plaintiff of malingering;

3

and a state agency medical consultant considered the evidence and concluded that Plaintiff's mental impairments were not severe. [Dkt. 15, p. 7-8]. The court rejects the Commissioner's justification for the ALJ's decision.

The regulations unmistakably require the ALJ to perform the psychiatric review technique to evaluate the functional consequences of an alleged mental disorder. 20 C.F.R. § 416.920a. The regulations say the following about the documentation required in an ALJ's decision:

> [T]he written decision <u>must</u> incorporate the pertinent findings and conclusions based on the technique. The decision <u>must</u> show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision <u>must</u> include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.[2]

20 C.F.R. § 416.920a (e)(4) [emphasis supplied, footnote added]. In view of the fact that Plaintiff alleged disability due, in part, to mental impairments, [R. 135], and based on the fact that the record is comprised mostly of mental health records, the court finds that the ALJ was required to perform the psychiatric review technique and to document it in the decision as specified in the above-quoted language. The ALJ failed to perform the required analysis and therefore failed to apply the correct legal standards in making the denial decision. As a result, the case must be remanded.

Although the ALJ did not deny benefits solely on the basis that Plaintiff could return to his past relevant work, the court observes that there is also merit to Plaintiff's assertion

---

[2] Paragraph (c) requires a rating of the degree of functional limitation in the areas of: activities of daily living; social functioning; concentration persistence and pace; and the number of episodes of decompensation. 20 C.F.R. § 416.920a(c)(3).

4

that the ALJ failed to inquire sufficiently about and discuss the requirements of Plaintiff's past relevant work as required by SSR 82-62, 1982 WL 31386 and *Winfrey v. Chater*, 91 F.3d 1017, 1024 (10th Cir. 1996). On remand, if the ALJ denies benefits at step four of the evaluative sequence, the ALJ is to perform the analysis required by the quoted authorities.

The ALJ stated that his RFC finding is supported by the Disability Determination Service's (DDS) Physical Residual Functional Capacity Assessment. [R. 15]. Plaintiff points out, however, that the DDS assessment contains the restriction that Plaintiff is limited to only occasional stooping. [R. 172]. The ALJ did not include that limitation in the RFC, explain why it was omitted from the RFC, or otherwise address Plaintiff's ability to stoop. The ALJ is not required to discuss every piece of evidence, but "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). On remand the ALJ should discuss Plaintiff's ability to stoop.

## Conclusion

The ALJ's decision is REVERSED and the case REMANDED for further proceedings.

SO ORDERED this 21st day of September, 2012.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

5